IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER STEWART, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | NO. 17-3691 |

MEMORANDUM

Bartle, J.                                                      February 15, 2018

      Plaintiff Alexander Stewart ("Stewart") and his wife, Dorothy Stewart, have sued the United States of America, U.S. General Services Administration ("GSA"), Raven Services JV, LLC, and Octagon Services, Inc.  Stewart alleges negligence and products liability claims, and his wife alleges loss of consortium arising out of injuries sustained by Stewart in the course of his employment while he was operating a security booth door adjacent to the United States Courthouse in Philadelphia.

      Raven Services has filed a crossclaim against the United States, GSA, and Octagon Services for contribution and indemnification.  Octagon Services has filed a crossclaim against the United States, GSA, and Raven Services for contribution and indemnification.

      The United States and GSA have moved to dismiss with prejudice the complaint and the crossclaims against them under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I

When reviewing a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), the court accepts the plaintiffs' allegations as true and draws all inferences in the plaintiffs' favor. Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 & n.4 (3d Cir. 2002).

Similarly, when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

On a motion to dismiss under Rule 12(b)(6), the court may consider "allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). The court may also consider "matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

II

For present purposes, we accept as true the allegations set forth in the complaint. Stewart, the husband of Dorothy Stewart, is employed as a security guard by AKAL Inc.[1] On April 7, 2016, while in the scope of his employment with AKAL Inc., Stewart was operating the door of the security booth located on the east side of 7th Street, adjacent to the United States Courthouse located at 601 Market Street in Philadelphia. The door of the security booth struck him and caused him severe and permanent bodily injuries, including bilateral rotator cuff tears and cervical disc herniation.

Octagon Services, doing business as Shelters Direct, designed, manufactured, and distributed the security booth that malfunctioned and caused Stewart to be injured. Raven Services, pursuant to a contract it has with the United States, is

---

1. The complaint does not describe the nature of AKAL Inc.'s work, nor does it define the relationship between AKAL Inc. and any of the defendants.

responsible for the "management, supervision, labor, materials, equipment, and supplies" related to the "satisfactory operation, scheduled and unscheduled maintenance, and repair of equipment systems located within the property line [of the Courthouse and Federal Building[.]]" GSA is an agency of the United States. According to the complaint, GSA, the United States, and Raven Services owned, operated, controlled, inspected, maintained, and managed the premises of the Courthouse and the security booth.[2]

On September 20, 2016 Stewart filed an administrative claim with GSA relating to the injuries he sustained. On January 23, 2017 GSA sent notice by certified mail of its final denial of his administrative claim. Plaintiffs' complaint in this court followed on August 14, 2017.

In Count I, Stewart alleges negligence against the United States under a theory of premises liability. In Count II, he asserts negligence against Raven Services on the grounds of respondeat superior and premises liability. He avers a claim of negligence against GSA in Count III on the theory of premises liability. In Count IV he has a claim of products liability against Octagon Services. Finally his wife asserts loss of consortium in Count V against all four of the defendants.

---

2. The complaint does not specify the specific functions of each of these defendants.

-4-

III

The United States enjoys sovereign immunity from suits seeking money damages unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). This consent must be "unequivocally express[ed]" and defines the court's subject matter jurisdiction. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (quoting Mitchell, 445 U.S. at 538) (internal quotations omitted). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, et seq., waives that immunity for certain tort claims against the United States. Id. The Act's established procedures are strictly construed. Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).

The FTCA provides that "[t]he United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. Section 1346 pertains to the jurisdiction of district courts. It provides, in relevant part:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

>      of any employee of the Government while
>      acting within the scope of his office or
>      employment, under circumstances where the
>      United States, if a private person, would be
>      liable to the claimant in accordance with
>      the law of the place where the act or
>      omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA permits claims only against the United States, and not against any federal agency. FDIC v. Meyer, 510 U.S. 471, 476 (1994). Claims "which are cognizable under section 1346(b) [of the FTCA], and the remedies provided by [the FTCA] in such cases shall be exclusive." 28 U.S.C. § 2679(a).

IV

We first address the claims against GSA found in Counts III and V. The United States and GSA maintain that the court lacks subject matter jurisdiction over these claims against GSA since the United States is the only proper defendant under the FTCA.

Plaintiffs do not oppose the dismissal of Count III. Accordingly, Count III against GSA will be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Plaintiffs contest the dismissal of the loss of consortium claim in Count V against GSA. However, as noted above, the United States is the only proper defendant under the FTCA. 28 U.S.C. §§ 1346(b)(1) & 2674. Section 1346(b) limits

those claims which are actionable under the FTCA to causes of action against the United States.  FDIC, 510 U.S. at 476; see also 28 U.S.C. § 1346(b)(1).  Thus the loss of consortium claim in Count V against GSA will be dismissed under Rule 12(b)(1) since the court lacks subject matter jurisdiction over this claim.

We next address the claim for negligence in Count I by Stewart against the United States.  The United States contends that this claim must be dismissed with prejudice as untimely.  The FTCA sets forth the non-jurisdictional prerequisite to bringing suit in district court that a party bringing an action against the United States for "injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment" must first present the claim to the appropriate federal agency and receive a final disposition of the claim in the form of a denial.  28 U.S.C. § 2675(a).  The FTCA further provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). This time bar "speaks only to a claim's timeliness, not to a court's power." United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632 (2015). Section 2401(b) does not set forth a jurisdictional requirement. Id. at 1633.

It is undisputed that Stewart filed an administrative claim with GSA. It is also undisputed that on January 23, 2017 GSA sent notice by certified mail of its final denial of Alexander Stewart's administrative claim. Thus Stewart was required by the FTCA to file suit in this court no later than six months of that date, or by July 22, 2017. See § 2401(b). Plaintiffs did not file the instant complaint until August 14, 2017.

Plaintiffs do not argue that the filing of the lawsuit was timely or that they are excused because of equitable tolling. Santos ex rel. Beato v. United States, 559 F.3d 189, 196-97 (3d Cir. 2009); see also Kwai Fun Wong, 135 S. Ct. at 1633. Instead they maintain that the United States was not prejudiced by this overdue filing. This argument is without merit. Accordingly, we will dismiss the negligence claim against the United States in Count I under Rule 12(b)(6).

The United States next asserts that Dorothy Stewart's loss of consortium claim in Count V against it should be dismissed for failure to exhaust her administrative remedies as required by §§ 2675(a) & § 2401(b). Plaintiffs concede that she

did not file her own separate claim with GSA for loss of consortium. However, they argue that since Stewart indicated that he was married on his Claim for Damage, Injury or Death form that he submitted to GSA, Dorothy Stewart's loss of consortium claim was "necessarily part of the administrative claim process."

Plaintiffs are mistaken. As we have previously stated, the FTCA mandates than an action "shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a). This requirement applies to each FTCA claimant. Pennsylvania v. Nat'l Ass'n of Flood Insurers, 520 F.2d 11, 23 (3d Cir. 1975); see also McNiff v. Asset Mgmt. Specialists, Inc., 337 F.Supp.2d 685, 692 (E.D. Pa. 2004).

Under Pennsylvania law, it is "well-settled that the claim [of loss of consortium] is derivative, emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and immunities." Darr Constr. Co. v. Workmen's Comp. Appeal Bd., 715 A.2d 1075, 1080 (Pa. 1998); see also Jensen v. United States, 2009 WL 4117357, at *3 (E.D. Pa. Nov. 24, 2009). Nevertheless, it "remains a separate and distinct cause of action." Darr Constr., 715 A.2d at 1080. Dorothy Stewart is her own claimant under the FTCA and is

required to file her own separate administrative claim with the appropriate federal agency prior to bringing an action in this court. She has not done so.

Under § 2401(b), Dorothy Stewart would have two years after her loss of consortium action accrued to present her claim to the appropriate federal agency. However, her claim derives from the negligence claim of her spouse. <u>Darr Constr.</u>, 715 A.2d at 1080. Since his claim will be dismissed, her claim cannot survive and will be dismissed under Rule 12(b)(6).

Finally, the United States and GSA also seek dismissal of the crossclaims filed against them by Raven Services and Octagon Services for indemnification and contribution under Rules 12(b)(1) and 12(b)(6).

Neither Raven Services nor Octagon Services has filed a responsive brief in opposition to the motion of the United States and GSA to dismiss the crossclaims. When a party fails to respond to a properly filed motion, absent circumstances not relevant here, we may grant the motion as uncontested. E.D. Pa. Local R. Civ. P. 7.1(c).[3] Thus the crossclaims by Raven Services and Octagon Services against the United States and GSA will be dismissed.

---

3. Rule 7.1(c) of the Local Rules of Civil Procedure provides in relevant part: "In the absence of a timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56."

What remains in this case are the claims of plaintiffs against Raven Services and Octagon Services and the crossclaims of those defendants against each other.